# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRY SANDERS, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CAUSE NO. 3:08-C-561 WL |
| SUPERINTENDENT, | ) ) | |
| Respondent. | ) ) | |

## OPINION AND ORDER

Terry Sanders, a *pro se* prisoner, filed a *habeas corpus* petition arguing that he is being held past his August 6, 2008, release date. (Petition for Writ of Habeas Corpus, DE # 1) It is unclear whether Sanders has presented this claim in any administrative appeal within the Indiana Department of Corrections. However, he affirmatively indicates that he has not presented this issue in a "post-conviction motion or petition for habeas corpus in a state trial court."( DE # 1 at ¶ 12(d)(1)). Sanders may bring his claim that he is being held past his release date in state court with a state habeas corpus petition. See: Indiana Code § 34-25.5-1-1("Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal.")

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese* , 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id*. at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel* , 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Under 28 U.S.C. § 2254(B)(1)(A), Sanders may not obtain any relief from this Court until he has exhausted his state court remedies. Consequently, this case cannot proceed until after he files a state habeas corpus case and, if necessary, appeals any adverse rulings to Indiana's Court of Appeals and then seeks transfer to the Indiana Supreme Court.

When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . .". SECTION 2254 HABEAS CORPUS RULE 4.

Therefore, the Court **DISMISSES** this habeas corpus petition **WITHOUT PREJUDICE** because these claims have not been exhausted in state court.

**SO ORDERED**.

**ENTERED**: January 15 , 2009.

s/William C. Lee
William C. Lee. Judge
United States District Court